RECEIVED
JUN 23 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER LYONS,<br>Plaintiff | CIVIL ACTION NO. 1:15-CV-2819; "P" |
| VERSUS | CHIEF JUDGE DRELL |
| LASALLE CORRECTIONAL<br>CENTER,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Christopher Lyons (#629813). Plaintiff moved to dismiss the complaint on February 22, 2016, and his motion was granted on February 23, 2016. (Docs. 11, 12). Plaintiff filed a motion to reopen the suit on February 26, 2016, which was granted. (Docs. 13, 14). Plaintiff was granted leave to proceed *in forma pauperis* on April 28, 2016. (Doc. 20). He filed an amended complaint on May 31, 2016. (Doc. 22).

Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at LaSalle Correctional Center ("LCC") in Olla, Louisiana. He complains about the conditions of his confinement at LCC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Factual Background

Plaintiff alleges that the water at LCC is dirty and could cause someone to become sick. (Doc. 23). He also alleges that rainwater leaks in the door and ceiling of his dorm and through the windows of the cafeteria, which could cause him to slip. (Doc. 23). Plaintiff alleges no actual injury.

## Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (citing Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. (citing Twombly, 550 U.S. at 557).

Plaintiff was ordered to amend his complaint and state the name of each person that violated his constitutional rights, what each defendant did to violate Plaintiff's rights, the dates on which each alleged violation took place, and a description of any injury sustained as a result of each violation. (Doc. 21). Plaintiff submitted an amended complaint, but failed to provide the information as ordered.

Plaintiff complains that the water quality and leaks at LCC could cause him to become ill or slip and fall. Title 42 U.S.C. § 1997e provides that prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

Plaintiff is not entitled to money damages for any physical injury, as a matter of law, because he has failed to allege such an injury. As a result of failing to allege a physical injury, and pursuant to § 1997e(e) and Fifth Circuit precedent, Plaintiff is likewise not entitled to money damages for any mental and emotional stress. See e.g., Herman v. Holiday, 238 F.3d 660, 666 (5th Cir. 2001).

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 22nd day of June, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge